IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MELVIN BERNARD GOODEN,        )
    Plaintiff,            )
                          )
v.                            )   No. 3:14-CV-4251-P
                          )
OFFICER L. CAMPBELL, ET AL.,  )
    Defendants.           )

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I. Background

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Dallas Dart Officers Campbell, Flores and Foster. Process has not issued pending preliminary screening.

Plaintiff claims that on June 5, 2014, Officer Campbell stopped him without probable cause and issued him a criminal trespass warning. Plaintiff states the warning was for trespassing at the Dart bus stop located at 900 Commerce street in Dallas, but that he was not at that location.

Plaintiff also claims that on July 17, 2014, Officers Flores and Foster stopped him without probable cause at the Dart bus stop at 900 Commerce street. He states he was wrongfully charged with evading arrest, criminal trespass and possession of marijuana. He seeks removal of the criminal trespass warning issued on June 5, 2014, and dismissal of the criminal

charges. The charges are currently pending. (Magistrate Judge's Questionnaire, Answer No. 1).

## II.    Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*." Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## III.   Discussion

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court determined that a prisoner cannot bring a § 1983 action that would necessarily imply the invalidity of a criminal conviction or sentence unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court.

*Heck*, however, has not been extended to pending criminal charges. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). In *Wallace*, the Court stated:

If a plaintiff files a false-arrest claim before he has been convicted (or files any other

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -2-

claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Id*. at 393-94.

Plaintiff claims Defendants stopped him without probable cause and that he was not trespassing at 900 Commerce street on June 5, 2014. These claims necessarily imply the invalidity of Plaintiff's pending charges. Because a conviction on the pending criminal charges would implicate *Heck*, the appropriate action is to stay Plaintiff's claims pending the resolution of the criminal charges against him. *See Profit v. Ouachita Parish*, 411 F. App'x 708, 709 (5th Cir. 2011) (noting with approval that the district court had stayed a civil case attacking the legality of a detainee's arrest, prosecution, and detention pending the resolution of the criminal charges); *Banks v. Gammon*, 2008 WL 2404967, slip op. at *3 (N.D. Tex. June 29, 2008 (staying a claim of false imprisonment made by a pretrial detainee).

## IV.   Recommendation

The Court recommends that Plaintiff's claims be **STAYED.** The Clerk of the Court should be **DIRECTED** to mark this action CLOSED for statistical purposes. The Court should retain jurisdiction and order that the case may be reopened upon motion of the Plaintiff filed after the pending criminal charges are no longer pending. Any such motion should be filed within the statutory period of limitations for Plaintiff's claims, or within sixty days of the date the criminal charges are no longer pending, whichever date is later.

Signed this 13th day of May, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).